UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SHAWN SAACKE CRAWFORD, )
 )
      Plaintiff, )
 )
v. ) No. 3:13-CV-524-HBG
 )
BOARD OF EDUCATION FOR )
OAK RIDGE, TENNESSEE, )
 )
      Defendant. )

# MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 20].

Now before the Court is Defendant's Motion for Partial Summary Judgment [Doc. 16], in which the Defendant moves the Court to grant judgment in its favor on any claims by the Plaintiff that fall outside the applicable statute of limitations. The Plaintiff has filed a response in opposition [Doc. 29], and the Defendant has filed a final reply [Doc. 30]. The Court finds that oral arguments are not necessary to address this issue, see E.D. Tenn. L.R. 7.2, and the Court finds that this motion is now ripe for adjudication.

For the reasons stated more fully below, the Motion for Partial Summary Judgment **[Doc. 16]** will be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND AND FACTS

The Plaintiff was hired by the Defendant in August 1999 as an elementary art teacher. Plaintiff has been diagnosed with attention deficit/hyperactivity disorder – a predominately inattentive type – anxiety and depressive disorders, and a sleep phase disorder. In the Complaint, Plaintiff alleges that Defendant, her former employer, discriminated and retaliated against her in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, ("ADA").

Plaintiff worked at Woodland Elementary School and was supervised by Principal Nancy West. West placed the Plaintiff on a performance improvement plan for the 2010-2011 school year, which Plaintiff alleges caused her greater stress due to her disabilities. Plaintiff alleges that throughout the 2010-2011 year, West "nit-picked" the Plaintiff, by persistently disciplining her. Plaintiff also alleges that she was the only educator for whom West would perform weekly room inspections during that academic year.

On October 14, 2010, Plaintiff was placed on leave pending a fitness for duty evaluation. The evaluation was conducted by Patricia A. Maffeo, Ph.D. Dr. Maffeo produced a six-page written report based on the evaluation on November 3, 2010 and supplied the same to the Defendant. Plaintiff alleges that the Defendant did not take appropriate actions to accommodate the disabilities identified by Dr. Maffeo, despite an affirmative duty to do so. Defendant reinstated Plaintiff on November 9, 2010, after receiving Dr. Maffeo's evaluation.

On January 7, 2011, Defendant was suspended for one day "for failing to arrive to school on time, failing to attend at least one required team meeting, and failing to submit requested lesson plans in a timely manner." [Doc. 29-9]. On March 28, 2011, Defendant suspended Plaintiff for two days for failure to arrive on time and turn in "requested materials." [Doc. 29-10]. In June 2011, the Plaintiff was suspended, pending determination of whether the Defendant

would act upon West's recommendation that the Plaintiff be terminated. Plaintiff maintains that on or about August 9, 2011, she was given the option of taking a one-year unpaid leave of absence in lieu of termination for the 2011-2012 school year. Defendant contends that it received a letter from the Plaintiff in August 2011, requesting long-term leave, and that it agreed to the leave request the same month.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on April 29, 2012. Plaintiff alleges that she was constructively discharged in July 2012.

Plaintiff filed the Complaint in this case on August 30, 2013, alleging that: (1) Defendant failed to provide reasonable accommodations that would have allowed plaintiff to continue teaching in the 2011-2012 school year, in violation of the ADA, Doc. 1 at ¶ 34; (2) Defendant retaliated against Plaintiff for requesting accommodations and complaining of discrimination, in violation of the ADA, id.; (3) Defendant's refusal to allow her to teach in the 2011-2012 academic year was violative of the ADA, id. at ¶ 38-39; (4) Defendant's refusal to permit Plaintiff to transfer to a different school for the 2012-2013 school year was violative of the ADA, id. at ¶ 40; (5) Defendant's requirement that she return to the hostile work environment at Woodland was violative of the ADA, id. at ¶ 41; (6) Defendant violated the ADA by forcing Plaintiff to take a leave of absence, id. at ¶ 42; and (7) Defendant violated the ADA by constructively discharging her in July 2012, id. at ¶ 43.

II.  **POSITIONS OF THE PARTIES**

In its Motion for Partial Summary Judgment, Defendant argues that a number of Plaintiff's claims are time-barred by the applicable 300-day statute of limitations. Defendant

3

moves the Court to enter an Order granting judgment in its favor[1] with regard to any claims that predate the applicable statutory period – specifically, any claims found in Paragraphs 23-34 of the Complaint. In support of this position, Defendant argues that the ADA requires that an employee, who seeks to bring suit under the ADA, must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination. In this case, Plaintiff filed her EEOC claim on April 29, 2012, and as a result, Defendant contends that any claims based upon discrete acts occurring prior to July 4, 2011, are barred by the statute of limitations.

Plaintiff responds by agreeing "that a discrete retaliatory or discriminatory act occurs on the day of the act and that discrete discriminatory acts are not actionable if time[-]barred even if they are related to actions allegedly timely charge[d]." [Doc. 29 at 1]. Plaintiff does not dispute that the applicable statute of limitations is 300 days or the Defendant's calculation that July 4, 2011 was 300 days prior to the submission of her EEOC charge. However, Plaintiff maintains that her claim based upon a hostile work environment is not time-barred because at least one act that is part of that claim occurred within the statutory time period. Plaintiff further argues that the statute of limitations, even where it may bar recovery based upon a discrete act, does not bar using otherwise time-barred acts as background evidence in support of a timely claim. Plaintiff contends that she presents an actionable claim for a hostile work environment and that she may be permitted to recover for actions that predate July 4, 2011, based upon this theory.

III. STANDARD OF REVIEW

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is

---

[1] Defendant actually moves the Court to enter an Order "dismissing, with prejudice" any such claims. Because the instant motion is brought pursuant to Rule 56 and not Rule 12, it appears that the actual relief requested is for partial judgment in favor of the Defendant, not a dismissal.

4

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. Celotex Corp. v. Catrett, 477 U.S. 317, 330 n.2 (1986); Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Burchett v. Kiefer, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." Curtis v. Universal Match Corp., 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing Celotex, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

## IV.    ANALYSIS

A plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. See 42 U.S.C. § 2000e-5(e); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

In applying this limitation, a court must distinguish between discrete discriminatory acts and cumulative discriminatory acts. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Morgan, 536 U.S. at

113. However, the statute does not "bar an employee from using [such] prior acts as background evidence in support of a timely claim." Id. Discrete discriminatory acts include termination, failure to promote, denial of transfer, refusal to re-hire, and other acts which can be said to have occurred at a certain date or time. See id. at 114.

In contrast, repeated or cumulative discriminatory actions, such as a claim based upon a hostile work environment, also referred to as "unlawful employment practices," cannot be said to have occurred on any particular day. Id. at 115. The practice "occurs over a series of days or perhaps years." Id. "In determining whether an actionable hostile work environment claim exists, [a court looks] to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 116 (internal quotation marks omitted). As long as an act contributing to a claim for hostile work environment occurred within the filing period, "the entire time period of the hostile environment may be considered by a court for purposes of determining liability." Id. at 117.

With this law in mind, the Court turns to the specific paragraphs that Defendant moves the Court to grant judgment upon. They state:

> 23. During the 2010-2011 school year, the Plaintiff began persistently being written up and disciplined by Principal, Nancy West, for reasons including, but not limited to, being tardy.
>
> 24. During this time, the Plaintiff made Defendant's management, including Ms. West, Mr. Green and Mr. Bailey aware that she had been diagnosed with Attention Deficit/Hyperactivity Disorder, a Predominately Inattentive Type, as well as being diagnosed with Anxiety and Depression Disorders, as well as Delayed Sleep Phase Disorder.

25. Thereafter, during October, 2010, the Plaintiff was required by the Defendant to submit to a "Fitness for Duty" evaluation which was performed by Patricia A. Maffeo, Ph.D. on October 29, 2010.

26. The "Fitness for Duty" evaluation plainly set forth Plaintiffs medical diagnoses of Attention Deficit/Hyperactivity Disorder, a Predominately Inattentive Type, and Anxiety and Depression Disorders.

27. The "Fitness for Duty" evaluation prepared by Dr. Maffeo specifically indicated that despite Plaintiffs medical condition, with certain minimal accommodations, she could perform all the essential functions of her job.

28. The Defendant was provided a copy of the "Fitness for Duty" evaluation by Dr. Maffeo.

29. Since Defendant was provided a copy of the "Fitness for Duty" evaluation, Defendant was aware at all times material hereto of Plaintiffs medical conditions of the accommodations necessary for Plaintiff to perform the essential functions of her job.

30. Plaintiff alleges that after the Defendant received Dr. Maffeo's "Fitness for Duty" evaluation, instead of working with Plaintiff to address the accommodations requested, Defendant refused to discuss the accommodation suggested by Dr. Maffeo and the accommodation requested by the Plaintiff concerning a slightly modified arrival time to accommodate her disabilities, this despite the fact that Dr. Maffeo had stated in her evaluation that the Plaintiff could perform all the essential functions of her job with the reasonable accommodations. The accommodations requested by Dr. Maffeo and the Plaintiff would not have interfered and/or prevented her from safely and competently performing the essential functions of her job as an Art Teacher at Woodland Elementary School.

31. Thereafter, on numerous occasions Plaintiff requested the accommodations set forth herein, but Defendant refused to discuss the possible accommodations with the Plaintiff, instead Plaintiff continued to be written up and began having her job threatened.

32. Plaintiff then complained to Defendant's management, including Nancy West, Ken Green and Dr. Thomas Bailey that their refusal to allow, or even discuss, the requested accommodations was discriminatory and their actions constituted retaliation for pursuing her rights under the ADA.

7

> 33. At no time did the Defendant do any individualized assessment to determine whether with the requested and suggested accommodations, the Plaintiff could perform all the essential functions of her position as Art Teacher.
>
> 34. Plaintiff alleges that the Defendant failed to provide reasonable accommodations which would have allowed the Plaintiff to continue teaching during the 2011-2012 school year and in fact retaliated against her for requesting reasonable accommodations and for complaining of discrimination, and, as such, violated the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*

[Doc. 1 at 3-5]. The Court has considered the contents of these particular paragraphs and the Plaintiff's claims in general.

There appears to be no dispute that: (1) the Plaintiff was required to file her EEOC charge within 300 days of the alleged unlawful employment practice; (2) she submitted her EEOC charge on April 29, 2012; and (3) 300 days prior to April 29, 2012 was July 4, 2011. Thus, the Court turns to the claims at issue and finds as follows.

## A.   *Discrete Acts Predating July 4, 2011*

First, the Court finds that no issues of material fact exist with reference to discrete acts predating July 4, 2011. The Court finds that claims based upon discrete acts that occurred prior to July 14, 2011, are time-barred, and the Court finds that the Defendant is entitled to judgment in its favor on any claim that is based upon a discrete act that occurred prior to July 4, 2011. In terms of the relief requested by the Defendant, the ruling is the same: to the extent any of Plaintiff's claims in Paragraphs 23-34 are based upon discrete acts that occurred prior to July 4, 2011, the Court finds those claims are time-barred.

Accordingly, the Defendant's request for summary judgment as to claims based upon discrete acts that occurred prior to July 4, 2011, is **GRANTED**.

### B. *Hostile Work Environment Claim*

With regard to the Plaintiff's claim for hostile work environment, the Court finds that issues of material fact relating to this issue persist. The Court finds that there is evidence in the record to indicate that a personnel action was instituted June 7, 2011, and continued through August 2011, during which Plaintiff was placed on leave while Superintendent Thomas Bailey investigated information received from West and another of Defendant's employees, [see Doc. 16-1 at 7-8]. This personnel action may constitute an act contributing to the Plaintiff's claim for hostile work environment that occurred after July 4, 2011, and thereby, render the entire hostile work claim to be timely. The Court cannot find, pursuant to Rule 56, that this claim is time-barred as a matter of law, and therefore, the Court cannot find that the Defendant is entitled to judgment on this claim for hostile work environment.

Accordingly, the Defendant's request for summary judgment with regard to Plaintiff's claim under the ADA for hostile work environment is **DENIED**, even to the extent that some of the acts composing the work-environment claim may predate July 4, 2011.

### C. *Prior Acts as Background Evidence in Support of a Timely Claim*

Because the Court cannot find that the Defendant is entitled to summary judgment on the Plaintiff's claim for hostile work environment based upon Defendant's present argument, the Plaintiff may use the acts that occurred prior to July 4, 2011, to the extent otherwise permitted by applicable law, as background evidence supporting the claim for hostile work environment and any other claims in this case that have not been found to be time-barred. See Morgan, 536 U.S. at 113.

Accordingly, to the extent Defendant's motion could be interpreted as a request that the Court strike or otherwise bar use of the information contained in Paragraphs 23-34 of the Complaint because the information itself predates July 4, 2011, it is **DENIED**.

## V.   CONCLUSION

Based upon the foregoing, the Court finds that the Motion for Partial Summary Judgment **[Doc. 16]** is well-taken, in part, and it is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge